UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WICK TOWING, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORTHLAND, et al., <br><br> Defendants. | CASE NO. C15-1864JLR <br><br> ORDER QUASHING SERVICE AND DENYING MOTION TO CONSOLIDATE |

## I.   INTRODUCTION

This matter comes before the court on Defendants Northland and Frederick S. Magill's (collectively, "Defendants") motion to dismiss for improper service (MTD (Dkt. # 11)) and Plaintiff Wick Towing, Inc.'s motion to consolidate this case with *Magill v. Wick Towing, Inc., et al.*, No. C16-0348JLR (hereinafter, "*Magill*") (MTC (Dkt. # 10)). Defendants contend that although Wick Towing timely served a copy of the complaint, Wick Towing failed to serve the summons with the complaint. (MTD at 2-3.) Wick Towing opposes that motion. (MTD Resp. (Dkt. # 17).) Having considered the

ORDER- 1

submissions of the parties,[1] the balance of the record, and the relevant law, the court CONSTRUES Defendants' motion as a motion to quash service, GRANTS that motion, GRANTS Wick Towing an additional 45 days to properly serve Defendants, and DENIES Wick Towing's motion to consolidate.

## II.  BACKGROUND

Wick Towing filed this case to obtain allegedly unpaid moorage fees from Mr. Magill and eject Mr. Magill's ship, the Northland, Official Number 606189, from Wick Towing's dock in Everett, Washington. (Compl. (Dkt. # 1) ¶¶ 2, 4, 6, 15.) Mr. Magill allegedly owns the Northland, which remains moored at Wick Towing's dock, and the Stormy Sea, which Mr. Magill previously moored at Wick Towing's dock. (*Id.* ¶¶ 3, 6, 9, 12-17.) Wick Towing asserts that as of November 20, 2015, Mr. Magill owed $38,660.65 in unpaid moorage for the two ships. (*Id.* ¶ 20.) According to Wick Towing, that amount has continued to accrue since that date because the Northland remains moored at Wick Towing's dock. (*Id.*)

On March 8, 2016, Wick Towing moved to consolidate this case with *Magill*, a case initially filed by Mr. Magill in state court and removed to federal court. (MTC at 1.) On March 28, 2016, Defendants moved to dismiss this case for improper service. (MTD at 1); *see also* Fed. R. Civ. P. 12(b)(5). Officer Cody Litster affirms that he personally served Mr. Magill with a copy of the summons and verified complaint on January 15, 2016, in Petersburg, Alaska. (Litster Affidavit (Dkt. # 15) at 1-2.) Mr. Magill agrees that

---

[1] None of the parties have requested oral argument, and the court finds it unnecessary. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER- 2

Officer Litster served him with a copy of the complaint but states that such service occurred on December 16, 2015.[2] (Magill Decl. (Dkt. # 12) ¶ 2a.)[3] Furthermore, Mr. Magill avers that he did not receive a copy of the summons from Officer Litster that day. (*Id.*)

On February 2 or 3, 2016, Mr. Magill's counsel received a scanned and emailed copy of the summons from an accounting office in Bellingham, Washington. (Gibbons Decl. (Dkt. # 13) ¶ 2, Exhibit (Dkt. # 13-1) at 1-2.) Officer Litster's office appears to have faxed that document to the accounting office, which then scanned and emailed it to Mr. Magill's counsel. (*Id.*) In late February, Mr. Magill received a voicemail from Officer Litster indicating that he had further papers to deliver to Mr. Magill. (Gibbons Decl. ¶ 3.) Mr. Magill has seen Officer Litster several times since then, but Officer Litster has delivered no further papers. (Magill Decl. ¶ 3.) Mr. Magill "still ha[s] not received the Summons." (*Id.* ¶ 2b.)

Defendants' motion to dismiss for improper service and Wick Towing's motion to consolidate cases are now before the court.

//

//

//

---

[2] This confusion likely stems from the affidavit, which states that Officer Litster received the materials on December 16, 2015, but did not serve those materials on Mr. Magill until January 15, 2016. (Litster Affidavit at 1-2.)

[3] Mr. Magill's declaration contains two paragraphs numbered "2," and accordingly the court refers to the first as "2a" and the second as "2b." (*See* Magill Decl. at 1-2.)

ORDER- 3

## III. ANALYSIS

### A. Defendants' Motion to Dismiss

The court cannot exercise jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived lack of process."). Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action where service of process is insufficient. *See* Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service of process, the plaintiff bears the burden of establishing the validity of service of process under Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4(c)(1) states, in pertinent part, that "[a] summons must be served with a copy of the complaint" and that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). "In general, Rule 4(c)(1) requires plaintiffs to simultaneously serve defendants with a summons and a copy of the complaint." *Denson v. Gillespie*, No. 2:10-cv-0525-APG-VCF, 2013 WL 5838254, at *2 (D. Nev. Oct. 29, 2013). However, because courts liberally construe Rule 4 to accomplish its underlying purpose of notifying defendants of complaints against them, courts have not always been strict in requiring simultaneous service of the summons and complaint. *See id.* (citing 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1093 (3d ed. 2002)).

Officer Litster's signed return of service attests that he gave a copy of the complaint and summons to Mr. Magill and therefore "constitutes prima facie evidence of valid service." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (9th Cir. 1993). However, Mr. Magill contradicts Officer Litster's declaration—he indicates that he has received a copy of the complaint unaccompanied by the summons. (*See* Magill Decl. ¶¶ 2a-2b.) Officer Litster's subsequent efforts to provide Mr. Magill with a copy of the summons appear to corroborate Mr. Magill's testimony. (*See id.* ¶¶ 2b-3.)

In its discretion, the court may treat a motion to dismiss for insufficient service of process as a motion to quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Bank Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion.")). Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Indeed, "the simplest solution" in those cases in which it is not clear whether proper service has been made "is to quash process and allow the plaintiff another opportunity to serve the defendant." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1354 (3d ed. 2008).

Mr. Magill has actual notice of this lawsuit and the claims stated against him, and Defendants would suffer no prejudice from extending the time period for service. Rather than holding an evidentiary hearing or otherwise attempting to decide which of the

conflicting statements in the record to credit, the court exercises its discretion under Federal Rule of Civil Procedure 4(m) to extend the timeline for service. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). The court therefore construes Defendants' motion as one to quash service of process rather than dismiss. See S.J., 470 F.3d at 1293. The court grants Defendants' motion to quash service and grants Wick Towing an additional 45 days from the date of this order to accomplish proper service of process of the complaint and the summons.[4] See Fed. R. Civ. P. 4(m); see also Myers v. John Deere, Ltd., 683 F.2d 270, 272 (8th Cir. 1982) (permitting the plaintiff to re-serve the summons and complaint where the initial service did not include a copy of the summons). Further, the court orders Wick Towing to notify the court when they have effected service upon Defendants.

**B.   Wick Towing's Motion to Consolidate**

On June 21, 2016, the court remanded *Magill* to the Superior Court for Snohomish County, Washington. *Magill*, Dkt. # 17. Accordingly, the court concludes Wick Towing's motion to consolidate this case with *Magill* is moot and denies that motion. (*See* MTC.)

//

//

---

[4] Should Wick Towing fail to accomplish proper service of process within this time period, Defendants may renew their Rule 12(b)(5) motion to dismiss.

## IV. CONCLUSION

Based on the foregoing analysis, the court CONSTRUES Defendants' motion as one to quash service (Dkt. # 11), GRANTS Defendants' motion to quash service, GRANTS Wick Towing 45 days from the date of this order to properly serve Defendants, ORDERS Wick Towing to notify the court upon effecting proper service, and DENIES Wick Towing's motion to consolidate (Dkt. # 10).

Dated this 21st day of June, 2016.

JAMES L. ROBART
United States District Judge